LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from an order denying this appellant’s petition for writ of error coram nobis, a typed pro se petition executed by petitioner May 19, 1984, while petitioner was serving a sentence to life imprisonment for rape in the first degree based upon a judgment of conviction. The judgment of conviction and sentence was affirmed on May 18, 1982, in Jackson v. State, Ala.Cr.App., 414 So.2d 1014, in which a comprehensive opinion was written setting forth an unchallenged recital of the material evidence and the principles of law governing the case. By reason of Jackson’s indigency, he was represented by counsel of the appointment of the court on the trial of the case and on his appeal therefrom, including his application for a rehearing, which was denied.
The judge presiding as to the coram no-bis proceeding was the same judge presiding at the trial of the case. His first action as to the petition was to appoint an attorney to represent petitioner, a different attorney from the one representing him on the trial and on the appeal of the rape case. His next action was to overrule the State’s motion to dismiss the petition without a hearing, and he promptly proceeded to make arrangements for a hearing and the attendance of the petitioner and his appointed attorney at the hearing.
The pro se typed coram nobis petition contained four separate alleged grounds for relief to the effect that the pretrial identification of appellant by the alleged victim of the rape was made so unduly suggestive as to make her in-court identification of him inadmissible, which was one of the issues decided adversely to appellant in Jackson v. State, supra. Notwithstanding the congeries of contentions presented in the coram nobis petition, it appears that the only axial issue presented on the evi-dentiary hearing was whether the representation by defendant’s counsel on the trial of the case constituted ineffective assistance of counsel.
The only witness who testified on the hearing of the coram nobis petition was the attorney who represented this appellant on the trial of this case and on his appeal therefrom. He was called as a witness by the appointed attorney for petitioner. At the conclusion of the hearing, the trial judge made the following statement:
“Having heard the testimony presented, and I am also familiar with the proceedings that took place at the trial, because this case was tried in front of me. I have considered the matters presented by the defendant in his writ of error coram nobis. Essentially, there were four issues presented for relief and the first three issues are matters which were, or at least could have been determined on appeal. The opinion written by the Alabama Court of Criminal Appeals on the appeal of this case is quite extensive. The fourth issue presented is that of ineffective assistance of counsel. Considering all issues, I’m denying the defendant’s writ of error coram nobis and the defendant is to be returned to continue serving his sentence in the penitentiary of the State.”
The trial court gave the petitioner and his counsel an ample opportunity to prove, if possible, that trial counsel for defendant did not render effective assistance and concluded that his trial counsel measured up to his obligation as defendant’s attorney. We do not disagree with this conclusion of the trial court, and its judgment denying the petition for writ of error coram nobis should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.